1  VENABLE LLP
   Douglas C. Emhoff (SBN 151049)
2  dcemhoff@venable.com
   Dan Chammas (SBN 204825)
3  dchammas@venable.com
   2049 Century Park East, Suite 2100
4  Los Angeles, CA 90067
   Telephone:   (310) 229-9900
5  Facsimile:    (310) 229-9901

6  Attorneys for  Defendant
   AIO ACQUISITION, INC.
7

8          UNITED STATES DISTRICT COURT

9         CENTRAL DISTRICT OF CALIFORNIA

10               WESTERN DISTRICT

11

12  JULIAN ROSENBERG, on behalf of       CASE NO. CV11-03384 SVW (JCx)
    himself and all others similarly situated,
13  and on behalf of the general public,      NOTICE OF REMOVAL
                                              28 U.S.C. § 1441 [DIVERSITY]
14                    Plaintiff,
                                              [Los Angeles Superior Court Case
15        v.                                  No. BC 457512]

16  AIO ACQUISITION, INC., a Delaware
    corporation, d/b/a PERSONNEL
17  CONCEPTS, and DOES 1 through 50,
    inclusive,
18
                      Defendants.
19

20

21

22

23

24

25

26

27

28

LA1#302476\092591-303043

1   TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2   PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and

3   1446, Defendant AIO Acquisition, Inc. ("AIO") hereby removes the above-

4   captioned action, presently pending in the Superior Court of the State of California

5   for the County of Los Angeles, as Case No. BC 457512, to the United States

6   District of California, Los Angeles Division.  As grounds for removal to this Court,

7   AIO states as follows:

8   ### FACTUAL BACKGROUND

9   1.  On March 16, 2011, Plaintiff Julian Rosenberg filed a class action against

10  AIO in the Superior Court of the State of California for the County of Los Angeles,

11  entitled <u>Rosenberg v. AIO Acquisition, Inc.</u>, Case No. BC 457512.  A true and

12  correct copy of Plaintiff's Complaint is attached hereto as Exhibit A.

13  2.  True and correct copies of all documents filed in the state court action,

14  included but not limited to, copies of the Civil Cover Sheets, Summonses, or other

15  evidence of service are attached hereto as Exhibit B.

16  3.  On March 22, 2011, Plaintiff personally served a copy of the Complaint

17  and summons on AIO.  This Notice of Removal is timely under 28 U.S.C.

18  § 1446(b) because it is filed within 30 days after any defendant was served with a

19  copy of the Complaint and corresponding summons.

20  4.      This Court is the appropriate court to which the action must be

21  removed because it is part of the "district and division embracing the place where"

22  Plaintiffs filed this action in Los Angeles, California.  28 U.S.C. § 1446(a).

23  5.      A copy of this Notice of Removal will be filed contemporaneously

24  with the Clerk of the Superior Court of the State of California for the County of

25  Los Angeles, and will be served contemporaneously on all counsel of record, as

26  required by 28 U.S.C. § 1446(d).

27

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1

**FEDERAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT**

2      6.     This Court has jurisdiction of this action pursuant to the Class Action

3 Fairness Act of 2005 ("CAFA"), Public Law 109-2, codified at 28 U.S.C.

4 § 1332(d).

5      7.     CAFA creates federal jurisdiction over lawsuits (1) in which "the

6 matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest

7 and costs," (2) "in which…any member of a class of plaintiffs is a citizen of a State

8 different from any defendant, and (3) that involve a putative class that consists of

9 more than 100 members."  28 U.S.C. §§ 1332(d)(2)(A) and (d)(5).  Each of these

10 three requirements is met.

11    **Requirement No. 1:  The Amount in Controversy Exceeds $5,000,000**.

12      8.     "Where the complaint does not specify the amount of damages sought,

13 the removing defendant must prove by a preponderance of the evidence that the

14 amount in controversy requirement has been met."  Abrego Abrego v. The Dow

15 Chemical Co., 443 F.3d 676, 683 (9th Cir. 2006).  "Under this burden, the

16 defendant must provide evidence that it is 'more likely than not' that the amount in

17 controversy satisfies the federal diversity jurisdictional amount."  Id.  Here,

18 Plaintiff does not seek a specified amount in damages, so AIO's burden is to

19 establish by a preponderance of the evidence that the amount in controversy in the

20 Complaint exceeds $5 million.  AIO easily satisfies its burden.

21      9.     When determining the amount in controversy, "[t]he question is not

22 what damages the plaintiff will recover, but what amount is 'in controversy'

23 between the parties.  That the plaintiff may fail in its proof, and the judgment be

24 less than the threshold (indeed, a good chance that the plaintiff will fail and the

25 judgment will be zero) does not prevent removal."  Brill v. Countrywide Home

26 Loans, Inc., 427 F.3d 446, 449 (7th Cir. 2005).  "The demonstration concerns what

27 the plaintiff is claiming (and thus the amount in controversy between the parties),

28 not whether plaintiff is likely to win or be awarded everything."  Id.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

10.     AIO disputes Plaintiff's claims, objects to any motion seeking class certification, and denies any and all liability. However, for purposes of removal, AIO is able to demonstrate by a preponderance of the evidence that Plaintiff's demand is in excess of $5,000,000, exclusive of interest and costs.

11.     Plaintiffs seek to pursue this action on behalf of "[a]ll persons located in California who received a telephone call from AIO whose telephone conversations were eavesdropped upon, bugged, wiretapped and/or recorded by Defendants, without Class member's knowledge and/or consent, after the date one (1) year prior to the filing of this Action." (Complaint at ¶ 28.) Plaintiff asserts the following two causes of action on behalf of himself and the putative class: (1) invasion of privacy (Cal. Penal Code § 630 et. seq.), and (2) negligence. Plaintiff demands "statutory damages of $5,000 per violation pursuant to California Penal Code section 637.2." (Complaint, Relief Requested, § (c), p.10.)

12.     Since at least March 16, 2010, AIO has called approximately 4,830 individuals in California each day. (Williamson Decl., ¶ 2.) During each of these calls, a beep tone recurs periodically to warn all participants that the call is being recorded. (Id.) On March 2, 2011, AIO placed one such call to a business, spoke to Plaintiff, and recorded the conversation. (Id. at ¶ 3.) During this call, a beep tone sounded throughout the call. (Id.) AIO records each of the thousands of calls per day it makes to California, warning each participant of the recording with a recurringw beep tone. (Id. at ¶ 2.)

13.     The Complaint demands $5,000 for each recorded call without a warning. In spite of the beep tone, Plaintiff alleges that AIO recorded his call without warning him. Because AIO recorded thousands of calls each day with a beep tone, the Complaint's demand for $5,000 per call puts the amount in controversy well over $5 million. Indeed, only 1,001 calls must be in dispute to reach the $5 million threshold. See Saulic v. Symantec Corp., 2007 U.S. Dist. LEXIS 96640, *19-21 (C.D. Cal. 2007) (action properly removed under CAFA and

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1  amount in controversy exceeds $5 million where "the maximum civil penalty is

2  identified in the statute and the same amount ($ 1,000.00) is requested by plaintiff

3  in the complaint . . . . As a result, defendants must simply show there are at least

4  5,001 putative class claims in order to prove the amount in controversy exceeds

5  $5,000,000 and therefore meets CAFA's jurisdictional requirement").

6  ### Requirement No. 2:  The Class Members Are Citizens of a State Different

7  ### Than AIO.

8       14.    Parties to a class action are diverse where "any member of a class of

9  plaintiffs is a citizen of a State different from any defendant." 28 U.S.C.

10  § 1332(d)(2)(A).  "[A] corporation shall be deemed to be a citizen of any State by

11  which it has been incorporated and of the State where it has its principal place of

12  business." 28 U.S.C. § 1332(c)(1).  A corporation's "principal place of business" is

13  "best read as referring to the place where a corporation's officers direct, control,

14  and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. ___,

15  130 S. Ct. 1181, 1192 (2010).  The principal place of business is "the corporation's

16  'nerve center.'  And in practice it should normally be the place where the

17  corporation maintains its headquarters" – the place that is the "actual center of

18  direction, control, and coordination." Id.

19       15.    Plaintiff is a citizen of California, and he seeks to represent only those

20  individuals who reside in California.  (Complaint ¶¶ 8, 28.)  AIO is organized and

21  existing under the laws of the State of Delaware, with its principal place of

22  business in the State of Wisconsin.  (Williamson Decl., ¶ 4.)  Each officer and

23  director of AIO resides and works in Wisconsin, where all of the high level

24  decisions about the company are made.  (Id.)  Accordingly, AIO is a citizen of

25  Delaware and/or Wisconsin for purposes of diversity jurisdiction.  28 U.S.C.

26  § 1332(c)(1).

27

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

16.    The supposed defendants named as "Does 1 through 50, inclusive" are sued under fictitious names whose alleged citizenship is to be disregarded. 28 U.S.C. § 1444.  The diversity requirement, therefore, is satisfied.

### Requirement No. 3:  The Class Consists of Over 100 Class Members.

17.    As explained above, since at least March 16, 2010, AIO has placed thousands of telephone calls each day to individuals in California.  (Williamson Decl. at ¶ 2.)  Each of these calls have been recorded with recurring beep tones. (Id.)  Therefore, the putative class includes well over 100 members.

### The Court is not Required to Decline Jurisdiction.

18.    CAFA requires district courts to decline to exercise jurisdiction over statewide class actions in certain circumstances.  28 U.S.C. § 1332(d)(4). However, unless more than two-thirds of the members of the class **and** at least one defendant, are from the state in which the action was originally filed, then the district court is not required to decline jurisdiction.  Id.

19.    Here, AIO is not a citizen of California and the entire class is within California.  Accordingly, the Court is **not** required to decline jurisdiction.

### The Exercise of Jurisdiction Here Is Not Discretionary.

20.    CAFA **permits** district courts to decline to exercise jurisdiction over statewide class actions in only limited circumstances.  28 U.S.C. § 1332(d)(3).  A court is required to weigh various policy concerns (e.g., interstate interests, choice of law, forum shopping) to determine whether it will exercise jurisdiction **only where** "greater than one-third but less than two-thirds of the members" of the class **and** the primary defendants "are citizens of the State in which the action was originally filed."  Id.

21.    Here, AIO is not a citizen of California and the entire class is within California, so the Court is **not** required to weigh competing interests in order to determine whether it should assert jurisdiction.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1    **WHEREFORE**, AIO respectfully removes this action from the Superior

2  Court of the State of California for the County of Los Angeles, Case No.

3  BC 457512, to the United States District Court for the Central District of

4  California, Los Angeles Division.  AIO prays that: (1) this Court proceed in this

5  action pursuant to 28 U.S.C. § 1447, as if this action had been originally been filed

6  in this Court; and (2) that further proceedings in the state court action be stayed in

7  all respects.

8

9  DATED:      April 19, 2011                    VENABLE LLP

10

11                                              By:

12                                              Dan Chammas
                                                Attorneys for Defendant
13                                              AIO ACQUISITION, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

# EXHIBIT A

1 │ KENNETH S. GAINES, ESQ. SBN 049045
2 │ DANIEL F. GAINES, ESQ. SBN 251488
    │ ALEX P. KATOFSKY, ESQ. SBN 202754
3 │ **GAINES & GAINES, APLC**
    │ 21550 Oxnard Street, Suite 980
4 │ Woodland Hills, CA 91367
    │ Telephone: (818) 703-8985
5 │ Facsimile: (818) 703-8984

**CONFORMED COPY**
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAR 16 2011

John A. Clarke, Executive Officer/Clerk

BY_____, Deputy
        Ora Gaper

6 │ Attorneys for Plaintiff Julian Rosenberg, on behalf of himself and all others similarly situated, and on behalf of the general public

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JULIAN ROSENBERG, on behalf of himself and all others similarly situated, and on behalf of the general public, | CASE NO: **BC 457512** |
| Plaintiff, | *Assigned to the Honorable Department* |
| v. | **CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:** |
| AIO ACQUISITION, INC., a Delaware corporation, d/b/a PERSONNEL CONCEPTS, and DOES 1 through 50, inclusive, | **1) INVASION OF PRIVACY (CAL. PENAL CODE § 630 *ET. SEQ.*)** **2) NEGLIGENCE** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff Julian Rosenberg ("ROSENBERG" or "Plaintiff"), an individual, on behalf of himself and on behalf of all others similarly situated (the "Plaintiff Class"), hereby alleges as follows:

## INTRODUCTION

1.     Defendant AIO ACQUISITION, INC., a Delaware corporation doing business as PERSONNEL CONCEPTS ("AIO"), markets and sells employment law posters to employers and consumers across California, the United States, and other countries. AIO aggressively pursues its potential customers by making telephone solicitations employing pushy and potentially deceptive sales techniques.

2.     In connection with these outgoing telephone communications, without providing

-1-

**CLASS ACTION COMPLAINT**

1   notice to, or obtaining the consent of, Plaintiff and the Plaintiff Class (as defined herein), AIO

2   engages in a practice of monitoring and recording confidential telephone communications between

3   Plaintiff and the Plaintiff Class, on the one hand, and AIO and its representatives, on the other

4   hand.

5          3.     AIO and its representatives and/or agents engaged in a telephone communication

6   with Plaintiff in an attempt to solicit business from him and/or his employer in March 2011.

7   Based on information and belief, Plaintiff alleges that said telephone conversation was secretly

8   recorded and/or monitored by AIO, without first providing Plaintiff notice and without first

9   obtaining his consent to record and/or monitor the telephone conversation.  During the course of

10  his conversation with AIO, Plaintiff disclosed sensitive personal identifying information and

11  confidential financial information.

12         4.     AIO's practice of monitoring, recording and/or eavesdropping on Plaintiff and

13  Plaintiff Class members' telephone conversations violated, and continues to violate *California*

14  *Penal Code* § 630 *et seq.*

15         5.     Plaintiff is a member of the Plaintiff Class because his telephone conversations

16  with AIO and its representatives were, without the knowledge or consent of the Plaintiff,

17  eavesdropped upon, bugged, wiretapped, and/or recorded by AIO.

18         6.     Plaintiff brings this action as a class action seeking all appropriate damages and

19  remedies available to him and members of the Plaintiff Class proposed herein, including but not

20  limited to injunctive relief pursuant to *Penal Code* § 637.2(b).

21         7.     All allegations in this complaint are based upon information and belief except for

22  those allegations which pertain to ROSENBERG and his counsel.  ROSENBERG's information

23  and belief is based upon, *inter alia*, an investigation conducted to date by ROSENBERG and his

24  counsel.

25                            **THE PARTIES**

26         8.     Plaintiff ROSENBERG is an individual and a resident of the County of Los

27  Angeles, State of California.  ROSENBERG had telephonic communications with certain

28                               -2-

---

                         **CLASS ACTION COMPLAINT**

1   employees, agents, officers, and/or directors of AIO.  ROSENBERG is informed and believes, and

2   based thereon alleges, that each of these conversations referenced herein was, without

3   ROSENBERG's knowledge or consent, bugged, recorded, wiretapped, and/or eavesdropped upon

4   by Defendants, and each of them, all to ROSENBERG's harm and damage.

5          9.    ROSENBERG is informed and believes, and based thereon alleges, that AIO is a

6   corporation organized under the laws of Delaware, legally operating and authorized to legally

7   operate and conduct business under the laws of the State of Delaware.

8          10.    Plaintiff is informed, believes, and thereupon alleges, that Defendant AIO has its

9   principal place of business in the State of California.

10         11.    Plaintiff is informed and believes, and based thereon alleges, that the wrongful acts

11  alleged herein by AIO were performed or occurred in the County of Los Angeles, State of

12  California, and throughout the State of California.

13         12.    ROSENBERG is further informed and believes, and based thereon alleges, that

14  additional calls have been bugged, recorded, wiretapped, and/or eavesdropped upon by

15  Defendants, and each of them, without ROSENBERG's and Plaintiff Class members' consent,

16  originating from various locations within the State of California and placed to Plaintiff and other

17  Plaintiff Class members within the State of California.

18         13.    The true names and/or capacities, whether individual, corporate, associate or

19  otherwise, of Defendants DOES 1 through 50 inclusive, and each them, are unknown to

20  ROSENBERG, who therefore sues said Defendants by such fictitious names.  ROSENBERG is

21  informed and believes, and upon such information and belief hereby alleges, that each of the

22  Defendants fictitiously named herein as a DOE is legally responsible, negligently or in some other

23  manner, for the events and happenings hereinafter referred to and proximately caused the damages

24  to Plaintiff and Plaintiff Class members as hereinafter alleged.  ROSENBERG will seek leave of

25  Court to amend this Complaint to insert the true names and/or capacities of such fictitiously named

26  Defendants when the same have been ascertained.

27         14.    Plaintiff is informed and believes, and thereupon alleges, that at all times

28                                          -3-

---

**CLASS ACTION COMPLAINT**

1   mentioned herein, Defendants, and each of them, including DOES 1 through 50, inclusive, were

2   the agents, servants, employees, and/or joint venturers of their co-Defendants, and were, as such,

3   acting within the course, scope, and authority of said agency, employment and/or venture, and with

4   the knowledge, consent, permission, and/or ratification of each other, and that each Defendant, as

5   aforesaid, when acting as alleged herein, acted in concert to commit the acts complained of herein

6   and to engage in a course of conduct in the business practices complained of herein.

7   <u>**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**</u>

8       15.    ROSENBERG is informed and believes, and based thereon alleges, that at all times

9   pertinent herein, Defendants maintained call centers located throughout the United States from

10   which its employees and consumers were prompted to telephone and/or called consumers and

11   employers to buy employment law posters.

12       16.    Defendants' employees and agents at these call centers received incoming calls

13   from consumers and placed outgoing calls to consumers who resided in California.

14       17.    ROSENBERG is informed and believes, and based thereon alleges, that Defendants

15   had a policy and practice of recording and/or monitoring these telephone conversations with

16   California consumers.

17       18.    ROSENBERG is informed and believes, and based thereon alleges, that

18   Defendants' employees and agents at these call centers were directed, trained and instructed to,

19   and did, record, monitor and/or eavesdrop upon these telephone conversations with California

20   consumers.

21       19.    Defendants intentionally installed and/or caused to be installed certain wiretapping,

22   eavesdropping and bugging equipment in Defendants' telephone lines. ROSENBERG is informed

23   and believes, and based thereon alleges, that all these devices were maintained and utilized to

24   overhear, record and bug each and every telephone conversation on said telephone lines.

25       20.    ROSENBERG is informed and believes, and based thereon alleges, that these calls

26   were recorded, monitored and/or eavesdropped upon without knowledge or consent of consumers.

27       21.    ROSENBERG was never informed that his calls with Defendants were being

28   -4-

**CLASS ACTION COMPLAINT**

1   recorded and/or monitored.

2       22.    During the course of these telephone conversations with employees and agents of

3   Defendants, ROSENBERG revealed sensitive, private, and confidential information, including

4   personal and financial information. Plaintiff did so with a reasonable expectation of privacy in

5   those telephone conversations.

6       23.    The wiretapping, bugging, and eavesdropping equipment mentioned herein was

7   used to listen to the telephone conversations of the Plaintiff and proposed class members; this

8   violated *California Penal Code* § 630 *et seq.*

9       24.    During March 2011, Defendants engaged in telephone conversations with Plaintiff

10  ROSENBERG while he was located in the State of California. During those calls, ROSENBERG

11  spoke to an individual acting on behalf of AIO, and in doing so he disclosed sensitive, personal

12  identifying information.

13      25.    At no time during his conversations was ROSENBERG informed by AIO, or by

14  anyone, that his telephone calls were being eavesdropped upon, wiretapped, recorded and/or

15  monitored. At no time did ROSENBERG give consent for his telephone calls to be eavesdropped

16  upon, wiretapped, recorded and/or monitored by Defendants.

17      26.    ROSENBERG had a reasonable expectation that the telephone conversations were,

18  and would remain, private and confidential, and he did not expect that his telephone

19  communications with AIO were being overheard or recorded by anyone else. Such recording

20  and/or monitoring was and is highly offensive to ROSENBERG and would be highly offensive to

21  a reasonable person, including members of the Plaintiff Class proposed herein.

22      27.    ROSENBERG thereafter learned that telephone conversations between AIO and

23  consumers, including those telephone conversations with ROSENBERG and members of the

24  Plaintiff Class, are recorded and/or monitored.

25                         **CLASS ACTION ALLEGATIONS**

26      28.    ROSENBERG brings this action on behalf of himself and all others similarly

27  situated as a Class Action pursuant to § 382 of the *Code of Civil Procedure*. Plaintiff seeks to

28                       -5-

represent a class composed of and defined as follows:

> All persons located in California who received a telephone call from AIO and whose telephone conversations were eavesdropped upon, bugged, wiretapped and/or recorded by Defendants, without that Class member's knowledge and/or consent, after the date one (1) year prior to the filing of this Action.

29.     Plaintiff reserves the right under Rule 3.765, *California Rules of Court*, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

30.     This action has been brought and may properly be maintained as a class action under the provisions of § 382 of the *Code of Civil Procedure* because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.      Numerosity**

31.     The potential members of the proposed Class as defined are so numerous that joinder of all the members of the proposed Class is impracticable.  While the precise number of proposed Plaintiff Class members has not been determined at this time, ROSENBERG is informed and believes that the proposed class encompasses over two hundred fifty (250) members.

32.     Plaintiff alleges Defendants' records will provide information as to the number and location of all proposed Plaintiff Class members.  Joinder of all members of the proposed Class is not practicable.

**B.      Commonality**

33.     There are questions of law and fact common to the proposed Class that predominate over any questions affecting only individual class members.  These common questions of law and fact include, without limitation:

a.      Whether AIO had a policy of wiretapping, eavesdropping upon and/or monitoring its outgoing calls made to California consumers;

b.      Whether AIO implemented its policy of wiretapping, eavesdropping upon

-6-

**CLASS ACTION COMPLAINT**

1                 and/or monitoring its outgoing calls made to California consumers;

2        c.     Whether AIO's policy of wiretapping, eavesdropping upon and/or

3               monitoring its outgoing calls made to California consumers constitutes a

4               violation of *California Penal Code* § 631(a), 632(a) and/or 637;

5        d.     Whether AIO disclosed to California callers that their telephone

6               conversations were being wiretapped, eavesdropped upon and/or monitored;

7        e.     Whether Class members consented to wiretapping, eavesdropping upon

8               and/or monitoring of such calls; and

9        f.     Whether the named Plaintiff and the Class are entitled to recover damages

10              and the measure of such damages; and

11        g.     Whether the named Plaintiff and the Class are entitled to injunctive relief

12              pursuant to *Penal Code* § 637.2(b).

13 **C.**   **Typicality**

14     34.    The claims of the named Plaintiff are typical of the claims of the proposed Class.

15 Plaintiff and all members of the Plaintiff Class sustained injuries and damages arising out of and

16 caused by Defendants' common course of conduct in violation of laws, regulations that have the

17 force and effect of law, and statutes as alleged herein.

18 **D.**   **Adequacy of Representation**

19     35.    Plaintiff will fairly and adequately represent and protect the interests of the

20 members of the proposed Plaintiff Class. Counsel who represents Plaintiff is competent and

21 experienced in class action litigation.

22 **E.**   **Superiority of Class Action**

23     36.    A class action is superior to other available means for the fair and efficient

24 adjudication of this controversy. Individual joinder of all proposed Plaintiff Class members is not

25 practicable, and questions of law and fact common to the proposed Class predominate over any

26 questions affecting only individual members of the proposed Class. Each member of the proposed

27 Class has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or

28                        -7-

1   practices.

2       37.     Class action treatment will allow those similarly situated persons to litigate their

3   claims in the manner that is most efficient and economical for the parties and the judicial system.

4   Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this

5   action that would preclude its maintenance as a class action.

6                               **FIRST CAUSE OF ACTION**

7   **PLAINTIFF AND THE PLAINTIFF CLASS AGAINST ALL DEFENDANTS**

8   **INVASION OF PRIVACY (CAL. PENAL CODE § 630 ET. SEQ.)**

9       38.     Plaintiff incorporates paragraphs 1 through 37 of this Complaint as though fully set

10  forth herein.

11      39.     Defendants, and each of them, installed and/or caused to be installed certain

12  wiretapping, eavesdropping and bugging equipment on their telephone lines.

13      40.     Plaintiff is informed and believes, and based thereon alleges, that all these devices

14  were maintained and utilized to overhear, record or bug each and every outgoing telephone

15  conversation over said telephone lines.

16      41.     The aforementioned wiretapping, bugging, and eavesdropping equipment was used

17  to listen to the telephone conversations between ROSENBERG and members of the Plaintiff

18  Class, on one hand, and the Defendants, on the other, all in violation of *California Penal Code* §

19  632(a).

20      42.     Plaintiff is informed and believes, and based thereon alleges, that each of the

21  aforesaid telephone communications, and the recordings thereof, were disseminated by and

22  between the Defendants, and each of them, all in violation of *California Penal Code* § 630 *et. seq.*

23      43.     At no time at the onset or during these telephone conversations did Defendants, or

24  any of them, or any of their employees, agents, managers, officers or directors, or any other person,

25  inform ROSENBERG or any members of the Plaintiff Class that the interceptions, eavesdropping,

26  wiretapping, bugging and recording of their telephone conversations were taking place, and at no

27  time did ROSENBERG or any members of the Plaintiff Class consent to this activity.

28                                      -8-

                              **CLASS ACTION COMPLAINT**

44.     Defendants, and each of them, knowing that it was unlawful and a violation of *California Penal Code* § 630 *et seq.* did intrude on ROSENBERG's and the Plaintiff Class members' privacy by knowingly and/or negligently and/or intentionally engaging in the aforementioned intercepting, eavesdropping, wiretapping, bugging and recording activities in connection with the telephone conversations between ROSENBERG and the Plaintiff Class members, on the one hand, and employees, managers, officers and directors of Defendant AIO, and all other defendants, on the other, all as aforementioned and alleged herein.

45.     The aforesaid telephone conversations between Plaintiff and Plaintiff Class members, on the one hand, and Defendants, on the other hand, were confidential communications to which Plaintiff and Plaintiff Class members had a reasonable expectation of privacy.

46.     Based on the foregoing, ROSENBERG and members of the Plaintiff Class are entitled to statutory damages pursuant to *California Penal Code* § 637.2 and injunctive relief pursuant to *California Penal Code* § 637.2(b).

Wherefore, ROSENBERG and the Plaintiff Class he seeks to represent request relief as described below.

## SECOND CAUSE OF ACTION

## PLAINTIFF AND THE PLAINTIFF CLASS AGAINST ALL DEFENDANTS

## NEGLIGENCE

47.     Plaintiff incorporates paragraphs 1 through 46 of this Complaint as though fully set forth herein.

48.     Defendants, and each of them, had various statutory and common law duties not to engage in the aforementioned wiretapping, eavesdropping, recording and bugging activities which led to the rights to privacy of ROSENBERG and Plaintiff Class members being invaded and breached.

49.     Defendants, and each of them, negligently and recklessly engaged in the aforementioned eavesdropping, wiretapping, recording and bugging activities of ROSENBERG and the members of the Plaintiff Class.

-9-

CLASS ACTION COMPLAINT

50.     These activities of Defendants, and each of them, as aforesaid in this cause of action and in this complaint, caused actual, statutorily-imposed and/or demonstrable damages to ROSENBERG and the members of the Plaintiff Class.

51.     As a result of Defendants' activities as addressed in this cause of action and in this complaint, ROSENBERG suffered severe emotional distress, inconvenience, anxiety and upset. As a result of such injuries, ROSENBERG has suffered general damages according to proof.

52.     Based on the foregoing, ROSENBERG and members of the Plaintiff Class suffered damage as a result of the conduct of Defendants, and each of them.

Wherefore, ROSENBERG and the Plaintiff Class he seeks to represent request relief as described below.

### RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

    a.    An order certifying this matter as a class action;

    b.    An order naming counsel herein as Class Counsel;

    c.    Consequential damages or statutory damages of $5,000 per violation, pursuant to *California Penal Code* § 637.2, whichever is greater;

    d.    Injunctive relief pursuant to *California Penal Code* § 637.2(b), enjoining Defendants from engaging in conduct violative of *California Penal Code* § 630 *et. seq.*;

    e.    Economic damages;

    f.    Non-economic damages;

    g.    Costs of suit incurred herein;

    h.    Any and all prejudgement interest permitted by law;

    i.    Such further relief, costs, and damages the Court deems proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

-10-

1 | DATED: March 15, 2011

2

Respectfully submitted,

3

GAINES & GAINES
A Professional Law Corporation

4

By: _____

5

KENNETH S. GAINES
DANIEL F. GAINES

6

ALEX P. KATOFSKY
Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-11-

**CLASS ACTION COMPLAINT**

EXHIBIT B

5-22-11 @ 12:15

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** AIO ACQUISITION, INC., a Delaware
*(AVISO AL DEMANDADO):* corporation, d/b/a PERSONNEL
CONCEPTS, and DOES 1 through 50, inclusive,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAR 16 2011

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy
Gina Grider

**YOU ARE BEING SUED BY PLAINTIFF:** JULIAN ROSENBERG, on
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of himself
and all others similarly situated, and on behalf of
the general public,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Superior Court of California<br>111 North Hill Street<br>Los Angeles, 90012 | BC 457512 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel F. Gaines, Esq. SBN 251488          (818) 703-8985   (818) 703-8984
GAINES & GAINES, APLC
21550 Oxnard Street, Suite 980
Woodland Hills, CA 91367

| DATE: *(Fecha)* John A. Clarke | Clerk, by *(Secretario)* GINA GRIDER | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

MAR 16 2011

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* AIO Acquisition, Inc., a Delaware Corporation, d/b/a Personnel Concepts

under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
      ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
      ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT — UNLIMITED CIVIL CASE
Case Number _____ BC 457512

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3©). There is additional information on the reverse side of this for

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | | Hon. Holly E. Kendig | 42 | 416 | |
| Hon. J. Stephen Czuleger | 3 | 224 | | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Luis A. Lavin | 13 | 630 | | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Rita Miller | 16 | 306 | | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rex Heeseman | 19 | 311 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Kevin C. Brazile | 20 | 310 | | Hon. John P. Shook | 53 | 513 | |
| Hon. Zaven V. Sinanian | 23 | 315 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | | Hon. Michael Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. John A. Kronstadt | 30 | 400 | | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | | Hon. Kenneth R. Freeman | 64 | 601 | |
| Hon. Charles F. Palmer | 33 | 409 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Amy D. Hogue | 34 | 408 | | Hon. Ramona See | 69 | 621 | |
| Hon. Daniel Buckley | 35 | 411 | | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Joanne O'Donnell | 37 | 413 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Willliam F. Fahey | 78 | 730 | |
| Hon. Michael C. Solner | 39 | 415 | | Hon. Emilie H. Elias* | 324 | CCW | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | other | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | | | |

*Class Actions

All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S.Commonwealth Ave., Los Angeles 900)
This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the
Outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the
Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk
                                                                                By _____, Deputy Cler

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Daniel F. Gaines, Esq. SBN 251488<br>Alex P. Katofsky, Esq. SBN 202754<br>GAINES & GAINES, APLC<br>21550 Oxnard Street, Suite 980<br>Woodland Hills, CA 91367 | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>MAR 16 2011 |
| TELEPHONE NO.: (818) 703-8985   FAX NO.: (818) 703-8984<br>ATTORNEY FOR *(Name)*: Plaintiff Julian Rosenberg | John A. Clarke, Executive Officer/Clerk<br>BY _____, Deputy<br>Anna Grider |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central

CASE NAME: Rosenberg v. AIO

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | **BC 457512** |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>*(Cal. Rules of Court, rules 3.400–3.403)* |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [X] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses

   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court

   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply)*: a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

**4.** Number of causes of action *(specify):* 2

**5.** This case [X] is [ ] is not   a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: Marxh 15, 2011

Daniel F. Gaines, Esq. SBN 251488               _[signature]_
*(TYPE OR PRINT NAME)*                          *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

---

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

| SHORT TITLE  Rosenberg v. AIO | CASE NUMBER   BC 457512 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL?   [X] YES   CLASS ACTION?   [X] YES   LIMITED CASE?   [ ] YES   TIME ESTIMATED FOR TRIAL _____ [ ] HOURS/ [ ] DAYS

Item II.  Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4).

**Step 1:**  After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:**  Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:**  In Column C, circle the reason for the court location choice that applies to the type of action you have checked.
For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (See Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:**  Fill in the information requested on page 4 in Item III; complete Item IV  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070  Asbestos Property Damage | 2. |
| | | [ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2 |
| | Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | [X] A6029  Other Commercial/Business Tort (not fraud/breach of contract) | ①, 2., 3. |
| | Civil Rights (08) | [ ] A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013  Fraud (no contract) | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| | SHORT TITLE: Rosenberg v. AIO | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/Property Damage/<br>Wrongful Death Tort (Cont'd.) | Professional<br>Negligence<br>(25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Employment | Wrongful Termination<br>(36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment<br>(15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Contract | Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful<br>eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5<br>2., 5.<br>1., 2., 5<br>1., 2., 5. |
| | Collections<br>(09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage<br>(18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract<br>(37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Real Property | Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels _____ | 2. |
| | Wrongful Eviction<br>(33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property<br>(26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6<br>2., 6. |
| Unlawful Detainer | Unlawful Detainer -<br>Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer -<br>Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer -<br>Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: | Rosenberg v. AIO | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150 Other Writ / Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8 |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Rosenberg v. AIO | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br>[X]1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>1214 North Clark Street, Apt. 10 |
|---|---|
| CITY: West Hollywood | STATE: CA | ZIP CODE: 90069 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Superior Court of California</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>March 15, 2011</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
Daniel F. Gaines, Esq.

---

### PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:

- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):

- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:

- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| Party Select Panel | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
|---|---|
| Random Select Panel | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Private Neutral | The market rate for private neutrals can range from $300-$1,000 per hour. |

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| | | | | | |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8566 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-8151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                                         )   ss.
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action;  my business address is Venable LLP, 2049 Century Park East, Suite 2100, Los Angeles, California.

On **April 20, 2011**, I served the foregoing document(s) described as **NOTICE OF REMOVAL U.S.C. § 1441 [DIVERSITY]** on the interested parties in this action addressed as follows

Kenneth S. Gaines
Daniel E. Gaines
Alex P. Katopfsky
GAINES & GAINES, APLC
21550 Oxnard Street
Suite 980
Woodland Hills, California 91367

☑       By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

☑       **BY MAIL (FRCP 5(b)(1)(C)):**  I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service.  Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 2049 Century Park East, Suite 2100, Los Angeles, California, in the ordinary course of business.

☐       **BY PERSONAL SERVICE (FRCP 5(b)(1)(B)(i)):**  I delivered such envelope(s) by hand to the addressee(s) as stated above.

☐       **BY OVERNIGHT DELIVERY  (FRCP 5(b)(1)(F)):**  I am readily familiar with the firm's practice of collection and processing items for delivery with Overnight Delivery.  Under that practice such envelope(s) is deposited at a facility regularly maintained by Overnight Delivery or delivered to an authorized courier or driver authorized by Overnight Delivery to receive such envelope(s), on the same day this declaration was executed, with delivery fees fully provided for at 2049 Century Park East, Suite 2100, Los Angeles, California, in the ordinary course of business.

☐       **BY FACSIMILE (FRCP 5(b)(1)(E)):**  Pursuant to FRCP 5(b)(1)(E), on **[DATE]**, at approximately _____  I served the above stated document by facsimile from the facsimile machine of Venable, LLP whose phone number is (310) 229-9901 to the addressee(s) at the facsimile numbers as stated above.  The transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.  Executed on **April 20, 2011**, at Los Angeles, California.

Felecia J. McClendon

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV11- 3384 SVW (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**CIVIL COVER SHEET**

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

Julian Rosenberg, on behalf of himself and all others similarly situated, and on behalf of the general public

**DEFENDANTS**

AIO Acquisition, Inc., a Delaware corporation, d/b/a/ Personnel Concepts and Does 1 through 50, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Kenneth S. Gaines
Gaines & Gaines, APLC
21550 Oxnard Street, Suite 980
Woodland Hills, California 91367
Telephone: 818.703.8985

**Attorneys (If Known)**

Douglas C. Emhoff
Dan Chammas
Venable LLP
2049 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: 310.229.9900

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
(1) Invasion of privacy (Cal. Penal Code Section 630 et seq.) and (2) Negligence

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number:

CV11-03384

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No  ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No  ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware<br>Wisconsin |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date  April 20, 2011

Dan Chammas

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com